UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-10081-MOORE
MAGISTRATE JUDGE REID

HAROLD GLENN REECE,

     Plaintiff,

v.

ZIAH JEFFERSEN,

     Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.     Introduction

Plaintiff, who is confined at the Monroe County Jail, has filed a *pro se* amended complaint [ECF No. 8], pursuant to 42 U.S.C. §1983, alleging Defendant Ziah Jeffersen committed excessive force against him. Plaintiff has not paid the Clerk's $350.00 filing fee, but he has filed a motion requesting leave to proceed *in forma pauperis*, which the Court has granted. [ECF Nos. 4, 7]. For the reasons set forth in this report, Plaintiff's amended complaint should be dismissed.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D.

Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018) (*per curiam*). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*per curiam*).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was

deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  There is no required

3

technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F.Supp.2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). A district court may not rewrite a pleading to include claims that were never presented. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). The court may also not construct a litigant's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

### III.    Facts Set Forth in the Complaint

Plaintiff sues Monroe County Deputy Ziah Jeffersen. [ECF No. 8 at 2].

4

Plaintiff alleges that on May 18, 2020, at approximately 4:15 a.m., while he was leaving the law library, Defendant Jeffersen dragged him across the floor "by shackles attached to [his] ankles," "using the shackles as a way to pull [him] into [his] housing location." [*Id.* at 5]. Plaintiff claims that this left him with bruises around his ankles and swollen skin "where the shackles was [sic] firmly strapped to [his] ankles." [*Id*. at 5-6]. Defendant Jeffersen then threw Plaintiff's legal supplies "disrespectfully" into the cell "to show disrespect [sic] and anger[,] destroying documents." [*Id*. at 6]. Plaintiff also alleges his ankles were bleeding to the point that he could not walk for a "couple [of] hours" after the incident. [*Id*.].

As relief, Plaintiff seeks $250,000, including punitive damages for assault, battery, defamation, and emotional distress. [*Id*. at 6]. He also "[r]equest[s] to be treated equally after seeing what happened in the George Floyd case with use of excessive force to a handcuffed and shackled inmate." [*Id*.].

### IV.   Discussion

A. <u>Excessive Force</u>

Here, Plaintiff alleges that he was a pretrial detainee at the time of the alleged incidents. [ECF No. 8 at 5]. The Eleventh Circuit has long acknowledged that "[c]laims involving the mistreatment of ... pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to convicted

prisoners." *Bozeman v. Orum*, 422 F. 3d 1265, 1271 (11th Cir. 2005) (quoting *Cottrell v. Caldwell*, 85 F. 3d 1480, 1490 (11th Cir. 1996)).

The excessive force inquiry for pretrial detainees includes two separate state-of-mind questions:

> The first concerns the defendant's state of mind with respect to his physical acts – i.e., his state of mind with respect to the bringing about of certain physical consequences in the world. The second question concerns the defendant's state of mind with respect to whether his use of force was 'excessive.'

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-43 (2015) (emphasis added).

With regard to the first question, the *Kingsley* Court assumed that the defendant must possess a purposeful, knowing or possibly reckless state of mind; noting that accidental or negligent conduct would not suffice. *Id*. at 2472. The relevant standard with regard to the second question is solely objective. That is, "a pretrial detainee must show only that the force purposefully or knowingly used against him was objectively unreasonable." *Id*. at 2473. This standard cannot be applied mechanically, rather, objective reasonableness turns on the facts and circumstances in each individual case. *See Graham v. Conner*, 490 U.S. 386, 396 (1989). A court must make this determination from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. *Id*.

As for the second question, factors that may bear on the reasonableness or unreasonableness of the force applied include: the relationship between the need for

the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *See Graham*, 490 U.S. at 396.

Here, Plaintiff's allegations are sparse. He did not provide any facts to describe what sparked the incident with Defendant Jeffersen, his actions, or anything else involving the circumstances of the incident. Accordingly, these bare allegations do not state a plausible claim that Defendant Jeffersen used objectively unreasonable force. Therefore, Plaintiff's claim of excessive force against Defendant Jeffersen should be dismissed without prejudice for failure to state a claim upon which relief can be granted.[1]

B. Pendent State Law Claims

Here, as discussed above, Plaintiff's § 1983 claim is subject to dismissal for failure to state a claim upon which relief can be granted. Thus, because Plaintiff's federal claim should be dismissed, the court should decline to exercise supplemental jurisdiction over any potential state law claims that Plaintiff raises, including

---

[1] Dismissal without prejudice is warranted in this case. The Court already ordered Plaintiff to amend his initial complaint and identified several deficiencies that Plaintiff needed to correct. However, "the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

defamation, battery, assault, and emotional distress. *See* 28 U.S.C. § 1367(c)(3).

## V. Conclusion

Based on the foregoing, the following is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim pursuant to §1915(e)(2)(B)(ii).

Notwithstanding the foregoing, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, if he so chooses, by a date certain. *See Troville v. Venz,* 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002) (*per curiam*) (citations omitted) (finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15.). However, Plaintiff should be warned that failure to amend by the given date may result in dismissal of this action under § 1915(e) and the case remaining closed since Plaintiff has failed to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report.  Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida this 21st day of September, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:

Harold Glenn Reece
09009212
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
PRO SE